[L. A. No. 5204. In Bank.—November 6, 1917.]

EUGENIA N. DUPES, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, STATE OF CALIFORNIA, and HOWARD A. PEAIRS, Judge, Respondents.

Juvenile Court—Custody of Children—Judgment of Divorce—Conflict of Jurisdiction.—Although the superior court in a divorce decree has awarded the custody of the children to one of the parties, the same court, sitting as a juvenile court, is not deprived of jurisdiction to exercise its powers for the disposition of the children under the juvenile court law.

APPLICATION for Writ of Prohibition against the Superior Court of Kern County. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

George W. Macknight, Ray H. Fitzgerrell, and P. N. Meyers, for Petitioners.

Emmons & Johnstone, and Chas. N. Sears, for Respondent.

MELVIN, J.—Eugenia N. Dupes sought and obtained from the district court of appeal an alternative writ of prohibition directed to the superior court of Kern County, sitting as a "Juvenile Court." By it that tribunal was prohibited from interfering with the petitioner's custody of her two minor children. Upon petition the matter was transferred to this court.

An action for divorce between T. W. Dupes and Eugenia N. Dupes was tried in the superior court. T. W. Dupes was the plaintiff, and his wife by answer and cross-complaint demanded custody of their two minor children as he had done in his pleading. Pending the trial and pursuant to stipulation the court made an order awarding the custody of the children to the mother. Judgment went in favor of the father and the court made an order that he should have custody and control of the children, but this order was held by the district court of appeal to be of no force pending the appeal of the mother from the judgment against her. (*In re Dupes,* 31 Cal. App. 698, [161 Pac. 276].) After the mother had resumed possession of the children following the decision in

the proceeding on *habeas corpus,* a warrant for their arrest and detention was issued by a judge of the superior court of Kern County other than the one who had presided at the trial of the action for divorce. The petition upon which this warrant was based was filed by one J. H. Dupes, an uncle of the minors, and it contained numerous allegations of the misconduct of Eugenia N. Dupes, some of which, if true, tended to establish immorality and depravity on her part. The judge of the ''Juvenile Court,'' after overruling the demurrer of Mrs. Dupes to the petition, fixed a day for a hearing thereon but was restrained by the alternative writ of prohibition.

The question presented, therefore, and the only one, is whether or not the fact that the superior court, in the action for divorce, had made an order providing for the custody of the minor children of the litigants, deprives the ''Juvenile Court'' of jurisdiction to dispose of them in any manner.

In answering this question we must first consider the difference between an action for divorce and a proceeding under the Juvenile Court law. In an action for divorce the purpose is to determine whether or not the court should dissolve the ties of marriage, and in such an action it sometimes becomes necessary to provide for the custody of minor children. It is true that the court has very extensive powers touching the children of those who are engaged in such a suit. The court may bestow them upon one or the other of the parents, or may provide for placing them with a third person. Does it follow that having made an order in such a case, the court is impotent to make any disposition of the children through any of its departments or under any of its functions or powers? We must answer this question in the negative. The ''Juvenile Court Act'' is intended to provide for the protection of children who have become or from their surroundings may become depraved, and to punish those responsible for or contributing to the dependency or delinquency of such children. (*Matter of Maginnis,* 162 Cal. 200, [121 Pac. 723]; *Nicholl v. Koster,* 157 Cal. 416, [108 Pac. 302].) By that law the state, as *parens patriae,* has provided proper machinery for rescuing children from influences likely to debauch them and to make them, in the future, charges upon the public, either as criminals to be restrained, or paupers or incompetents to be maintained. The mere fact that a litigation is pending between the parents and that an order regarding the custody

of the children has been made therein does not take away the power of the state nor prevent the exercise of that power under the Juvenile Court law.

It is suggested that if a general and unqualified order should be made by the "Juvenile Court" awarding the custody of these children, it might be in conflict with the judgment in the action for divorce, if that judgment should be affirmed on appeal, and that we would then be confronted with the problem of determining the relative value of two adjudications of the same court, each being of the same formal dignity and apparent force. But it is not necessary, in this case, for us to contemplate such a contingency. On the contrary, we must assume that, whatever eventually may be the order of the "Juvenile Court," it will be so drawn that it will not conflict with the judgment in the action between the parents.

It is argued, also, that inasmuch as all the essential allegations of the unfitness of Mrs. Dupes contained in the petition of her brother-in-law correspond with those made in her husband's complaint, therefore that part of the superior court acting as a "Juvenile Court" in the hearing of the petition and the decision thereon will really be passing upon exactly the same question as the one decided by the division exercising the functions of a divorce court. We do not see that this circumstance makes the slightest difference in the power and jurisdiction of the "Juvenile Court." That court has the authority to decide what is best for the present welfare of the children, and if it appears that the mother is an unfit person, in contemplation of law, to have them in her charge and under her influence, the "Juvenile Court" may place them in a suitable environment and under proper influences during the months which, in the usual course, must elapse before the appeal in the action for divorce can be decided. In passing upon the question regarding the fitness or unfitness of the mother, the court will be aided by evidence of her conduct in the past, and it will make no difference if exactly such evidence may have been adduced in some other action in which the parties and the issues were not the same as in the proceeding inaugurated by the uncle of the minors.

Let the alternative writ be dismissed.

Henshaw, J., Sloss, J., Shaw, J., and Angellotti, C. J., concurred.