[Civ. No. 8384. Third Dist. Nov. 13, 1953.]

In re HOMER ALLEN HOLT, a Minor. VIRGINIA WEBER, as Probation Officer, etc., Respondent, v. DOROTHY HOLT, Appellant.

J. D. Boyle for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, Walter L. Chandler, District Attorney (Madera), and Jack L. Hammerberg for Respondent.

PEEK, J.—This appeal is presented on the judgment roll alone. From the brief of appellant (which is not contradicted by respondent) it appears the case arises out of a divorce proceeding by the mother of the infant Homer Allen Holt, a child, who at that time, was approximately 2½ years of age.

When the divorce proceedings came on for hearing in the superior court, the judge thereof referred the matter to the probation officer of Madera County. Thereafter said officer filed a petition in said court seeking to have the child declared to be a ward of the juvenile court. Citations were issued to the petitioner and to the father of the child requesting them to appear and show cause why the child should not be declared a ward of said court. The minutes of that proceeding show that all of the interested parties were present and sworn to testify. After due deliberation the court made its order adjudging the child to be a ward of the juvenile court and ordered him committed to the custody of the probation officer of said Merced County. It is from the order so entered that the mother has now appealed. Numerous contentions are made, none of which are well founded.

At the outset it is to be noted that "when an appeal is taken on the judgment roll alone . . . and when the record on appeal from an order does not show the evidence on which the order is based it will be presumed that the order was properly made and that the evidence necessary to sustain it was presented to the court . . ." It necessarily follows that appellant's first contention is without merit—that is—that the court was without power to order the custody and control of the child to be taken from her without giving her a hearing in the matter. In the absence of anything to the contrary and in accordance with the rule above mentioned this court must presume that the juvenile court did exactly what it said it did in its order, that it "required proof of the facts alleged in said petition and the truth thereof [was] established to its satisfaction by the testimony of Virginia Weber, Probation Officer."

It is next contended that a juvenile court may not take jurisdiction of a custodial matter when that very question is then pending in a divorce proceeding. In the case of *Dupes* v. *Superior Court,* 176 Cal. 440 [168 P. 888], a like question was presented. It is true, the court there said, that in a divorce proceeding the superior court has extensive powers relative to the welfare of children of the parties engaged in such a proceeding. However, "The mere fact that a litigation is pending between the parents and that an order regarding the custody of the children has been made therein does not take away the power of the state nor prevent the exercise of that power under the Juvenile Court law."

The appellant's next contention is that the court did not comply with section 739 of the Welfare and Institutions Code in that it made no finding of fact. In its order, however, the court specifically found the infant was under the age of 21 years; ''That the home of the minor . . . is an unfit place by reason of the depravity of his parents;'' and that the infant was a person coming within the provisions of section 700 (d) of that code. Such findings substantially comply with the provisions of section 739 (d) of said code. (*In re Ortiz,* 74 Cal.App.2d 810 [169 P.2d 664].)

Appellant's fourth contention is that the court erred in not designating with particularity the home in which the child was to be placed. This contention is likewise without merit. The court, in effect, adopted the recommendation of the probation officer wherein it was recommended that the child remain with his paternal aunt. As was held in the case of *People* v. *Superior Court,* 104 Cal.App. 276, 282 [285 P. 871] : ''Technicalities and formalities are largely done away with, and its simple procedure is designed . . . to enable the judge thereof to best guide and control its wards, with more consideration for their future development than for their past shortcomings.'' In no sense is it a trial court. (See, also, *In re Halamuda,* 85 Cal.App.2d 219 [192 P.2d 781].) The very nature of the work of the juvenile court would be destroyed by compelling strict compliance with the traditional court procedure.

It is appellant's final contention that a child may not be taken from the mother as punishment for her previous conduct; that such an order must be predicated upon present existing conditions. In *Dupes* v. *Superior Court,* 176 Cal. 440 [168 P. 888], the court there held that ''In passing upon the question regarding the fitness or unfitness of the mother the court will be aided by evidence of her conduct in the past.'' Under the circumstances it cannot be said that the court was either punishing the mother or that the evidence disclosed by the record was not sufficient to sustain the attacked order.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.