[Civ. No. 5848.    Fourth Dist.    July 31, 1958.]

In re MICHAEL ALLEN FARLEY, a Minor. SAN DIEGO COUNTY PROBATION DEPARTMENT, Respondent, v. LARISSA LAUREL FARLEY, Appellant.

William O. Hogan and Rock Zaitzow for Appellant.

James Don Keller, District Attorney (San Diego), and Donald L. Clark, Deputy County Counsel, for Respondent.

MUSSELL, Acting P. J.—This is an appeal from an order of the Juvenile Department of the Superior Court of San Diego County adjudging Michael Allen Farley, a minor, a ward of the juvenile court of said county under section 700, subdivision (b), of the Welfare and Institutions Code, and giving said minor's custody to the probation officer of said county. It was further ordered that the child be placed with his father in Naches, Washington, and "that said ward shall be subject to the supervision of the probation officer and the further orders of this court." Larissa Laurel Farley, the mother of said minor, appeals from this order, and the principal question here involved is whether the evidence is sufficient to support it.

The report of the probation officer and the testimony adduced at the hearing in this matter shows the following: The probation officer of San Diego County and the Department of Public Welfare have had frequent dealings with appellant and her child. The matter of the child's custody was first brought to the attention of the probation department

in 1953, when the superior court ordered the probation officer to conduct an investigation and to report on the fitness of the parents to have the custody of the child. This investigation apparently was made in connection with a divorce action and the custody of the child was then awarded to appellant. Appellant applied for aid to needy children in April, 1956, through the welfare department and aid was granted in June, 1956.

On October 19, 1957, appellant placed Michael in the Hillcrest Detention Home and on the evening of October 20th she was found lying on the front porch of the home. When found, she stated she had just been released from the hospital and was too weak to get home by herself. The supervisor of the home then contacted the probation department and reported that appellant was extremely emotionally upset and stated that he doubted her ability to care for her child. The probation department then got in touch with the Department of Public Welfare and learned from a case worker that it was her opinion that appellant was incapable of properly caring for her child due to extreme emotional disturbance. The case worker stated that she felt that it was necessary to refer the child to the probation department. In the referral which followed it was stated that appellant's physical health and emotional condition had so far deteriorated that her health problems were having a serious and unfortunate effect on the child's welfare.

On October 24, 1957, a petition to have the minor declared a ward of the court was filed by the county probation department and it was alleged therein ''That said minor has no parent or guardian capable of exercising proper parental control, in that his parents are divorced and his mother, who has legal custody, is suffering from a severe emotional disturbance diagnosed as psychoneurosis with conversion hysteria and further that on or about the 19th day of October, 1957, said minor's mother placed him at Hillcrest because she was going to enter County Hospital for treatment, further said minor's mother was released from County Hospital on October 20, but has made no attempt to contact the child or return him to his home.'' A detention hearing was then held and the court ordered that the child be detained at Hillcrest pending further investigation.

According to the probation officer's report filed herein and considered by the court, appellant has been mentally and physically ill over a period of years. She complained of being

emotionally upset during the time she was married to Mr. Farley and was under the care of a psychiatrist in La Jolla for many months, until the summer of 1952. She complained of having a complete nervous breakdown in 1951 and worried a great deal about the possibility of a brain tumor and went to a sanitarium about it. She was under the care of the staff of the county hospital for some time and according to a medical report from this hospital, dated August 23, 1956, she was then attending the Neuro-Psychiatric and Surgical clinic and was under treatment. The diagnosis was psychoneurosis, conversion hysteria (prognosis poor) and attendance at the clinic was recommended. It is further stated in said report that at the present time appellant is under the care of the staff at Mercy hospital and has been diagnosed as having constriction of the arteries and that she suffered for a long time with infectious hepatitis. The probation officer's report also contains the statement that Dr. Barris, who reported to the court on the divorce hearing in 1953, stated therein that appellant was handicapped psychologically, manifesting many profound signs of deep seated hysterical reaction; that many signs of emotional instability and immaturity had been present for many years; that ambivalent attitudes towards her son have frequently been in evidence, ranging from over solicitude and over protectiveness to signs of hostility and resentment toward her son. The probation officer's report further indicates that appellant was sometimes very difficult to interview in that she "becomes emotional and dwells for an interminable time" on her physical illnesses; that the child is obsessed with health and medical matters and is disturbed by his mother's disturbances; that at Hillcrest he was unable to hold his own with other youngsters; that when at home he had been in the habit of sleeping with his mother, and has suffered physically and emotionally from his associations with his mother. The probation officer concluded that until appellant was able to recover better mental and physical health, the child should be placed in his father's home under the jurisdiction of the juvenile court.

The circumstances shown by the record are sufficient to support the judgment and order of the juvenile court declaring Michael to be a ward of the court under the provisions of section 700, subdivision (b), of the Welfare and Institutions Code. The evidence justifies the conclusion and implied finding that the said minor has no parent or guardian capable of exercising proper parental control and that the best interests

of said minor would be .served by adjudging him a ward of said court. The record shows that the Department of Public Assistance at Yakima, Washington, and the probation officer of the county of Yakima have recommended placement of said minor in the home of his father at Naches, Washington, and since the court specifically ordered that said ward should be "subject to the supervision of the probation officer and the further orders of this court," it is apparent that the juvenile court retains jurisdiction over said minor and may change the placement order if, as and when the best interests and welfare of said minor require such action.

In *In re Corrigan*, 134 Cal.App.2d 751, 754-755 [286 P.2d 32], it was held:

"In juvenile court proceedings, as in other matters, the findings of the juvenile judge will not be disturbed on appeal where there is substantial evidence to support them. (*In re Ayers*, 116 Cal.App.2d 55, 58 [253 P.2d 65].) In wardship proceedings it is the welfare of the child that is of paramount concern (*In re Halamuda*, 85 Cal.App.2d 219, 226 [192 P.2d 781]), and when the court has found, on substantial evidence, that the welfare of the child requires that his custody be taken from his parents, the court may make such an order. (Welf. & Inst. Code, § 739, subd. (d).) In reviewing such findings this court must indulge all reasonable inferences in support thereof."

Appellant claims that the juvenile court was usurping the power of the divorce court and acting outside of its own jurisdiction by awarding custody between parents without a showing that the minor came within the provisions of section 700 of the Welfare and Institutions Code. Section 700, subdivision (b), of said code provides that the jurisdiction of the juvenile court extends to any person under the age of 21 years . . . "(b) Who has no parent or guardian; or who has no parent or guardian willing to exercise or capable of exercising proper parental control; or who has no parent or guardian actually exercising such proper parental control, and who is in need of such control." The evidence herein supports the exercise of such jurisdiction over the minor involved. ▮ In *In re Holt*, 121 Cal.App.2d 276, 278 [263 P.2d 50], the court said:

"It is next contended that a juvenile court may not take jurisdiction of a custodial matter when that very question is then pending in a divorce proceeding. In the case of *Dupes* v. *Superior Court*, 176 Cal. 440 [168 P. 888], a like question

was presented. It is true, the court there said, that in a divorce proceeding the superior court has extensive powers relative to the welfare of children of the parties engaged in such a proceeding. However, 'The mere fact that a litigation is pending between the parents and that an order regarding the custody of the children has been made therein does not take away the power of the state nor prevent the exercise of that power under the Juvenile Court Law.' "

Judgment and order affirmed.

Griffin, J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.