[Civ. No. 82.   Fifth Dist.   Mar. 21, 1962.]

In re ROBERT GARCIA, a Person Coming Within the Juvenile Court Law.

THE PEOPLE, Respondent, v. ROBERT GARCIA, Appellant.

Gilbert D. Lopez for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond Momboisse, Deputy Attorney General, for Respondent.

CONLEY, P. J.—The minor, Robert Garcia, appeals from the judgment of the Juvenile Court of Madera County which found that he came within the provisions of subdivision (m) of section 700 of the Welfare and Institutions Code because he ". . . did unlawfully kill Carmen Chavira, a human being, without malice and upon a sudden quarrel or heat of passion, . . ." and directed that his case be transferred for further proceedings to Fresno County where he resided.

The brief of the appellant states that the Juvenile Court of Fresno County afterwards committed him to the Youth Authority but that execution of the commitment was suspended pending this appeal and that in the meantime he has been in the custody of his parents. The further proceedings in Fresno County are, of course, not included in this appeal, and the statement in appellant's brief with respect thereto is immaterial.

The hearing was conducted and the appeal taken under the Juvenile Court Act as it existed prior to its repeal, reenactment, and recodification by the Legislature in the year 1961. The references to sections of the Welfare and Institutions

Code in this opinion, except as otherwise indicated, are to the sections as they were numbered before the re-enactment.

The proceeding was instituted through the filing of a petition by Jerry D. Hill, Assistant Probation Officer, which recited that Robert Garcia was in the County of Madera; that he was 17 years of age; that he came within the provisions of subdivision (m) of section 700 of the Welfare and Institutions Code in that on or about the 25th day of October, 1959, in Madera County he did unlawfully kill Carmen Chavira, a human being, without malice and upon a sudden quarrel or heat of passion, thereby violating section 192.1 of the Penal Code; that the names and residences of his parents were Clemente Garcia and Pauline Garcia of 17217 West Dakota, Kerman, California. A citation was regularly issued and served upon the parents (Welf. & Inst. Code, § 726) and an extensive report of the probation officer was filed. The hearing prescribed by law was regularly held on January 19, 1960 (Welf. & Inst. Code, § 732). The minor and his mother and father and the probation officer of the county of Madera were present in court and were sworn and testified as is shown by the minutes contained in the clerk's transcript. The court found that the minor was a fit and proper subject for juvenile court proceedings and that all of the allegations of the verified petition were true; he was made a ward of the juvenile court for the purpose of transfer to Fresno County, where he resided; he was released to the custody of his parents until further proceedings could be held in the Juvenile Court of Fresno County. In due course, the juvenile filed his appeal. (Welf. & Inst. Code, § 580.)

The appellant attacks the sufficiency of the evidence to show that he came within subdivision (m) of section 700 of the Welfare and Institutions Code. This alleged point is unavailable to the appellant, because he saw fit to take his appeal solely on the judgment roll; there is no reporter's transcript of the proceedings on file, nor is there any stipulated statement of facts. ██ As is said in *In re Le Van,* 93 Cal. App.2d 7, 8 [207 P.2d 1066]:

". . . since the appeal is upon the judgment roll alone, we must assume that the proceedings taken in the lower court were regular in all respects (*In re Pierce,* 127 Cal.App. 773, 775 [16 P.2d 765]), and we are confined to an examination of the clerk's transcript on appeal to determine whether there is any reversible error.

"An examination of such record fails to disclose any error,

but on the contrary, shows that each document and order was duly and regularly made and entered.'' (See also *In re Silva,* 213 Cal. 446, 448 [2 P.2d 341]; *In re Holt,* 121 Cal.App.2d 276, 278 [263 P.2d 50].)

Appellant argues that it was error for the trial court to consider the probation officer's report inasmuch as it contains conclusions and hearsay. The courts of this state have repeatedly ruled against such contention on the part of an appellant. As is pointed out in *In re Halamuda,* 85 Cal. App.2d 219, 222, 223 [192 P.2d 781], the report of the probation officer became a judicial record when it was filed with the juvenile court and that court not only had the right but the duty to consider it in deciding the case. (See also *In re Steiner,* 134 Cal.App.2d 391 [285 P.2d 972].)

The appellant next contends that he was denied the right to counsel at the juvenile court hearing. This allegation is not supported by anything that appears in the record before us. The clerk's minutes indicate that he was not represented by counsel at the hearing, and there is no statement in the minutes that the court advised him of a right to counsel, but this does not establish that he was denied the right. For the Juvenile Court Act did not then require that the judge should advise the minor or his parents that they had a right to have an attorney represent them. It should be noted that under the law as it then stood there was no guarantee to a juvenile of a right to counsel in such a proceeding. (*People* v. *Fifield,* 136 Cal.App.2d 741, 743 [289 P.2d 303].)* In *People* v. *Dotson,* 46 Cal.2d 891, 895 [299 P.2d 875], our Supreme Court held that the fact that a minor was not represented by counsel in the juvenile court did not constitute a denial of due process; it was only when lack of representation of the minor resulted in undue advantage being taken of him or he was otherwise accorded unfair treatment resulting in a deprivation of his rights that it could be said that he was denied due process of law. Nothing of the kind appears here.

We find no error in the record. The judgment is affirmed.

Brown, J., and Stone, J., concurred.

---

*The present law requires that the court advise the minor and his parents at the detention hearing that they may be represented by counsel at every stage of the hearing (Welf. & Inst. Code, § 633), and the court must appoint counsel for the minor if he is charged with misconduct which would constitute a felony if committed by an adult (Welf. & Inst. Code, § 634).