[Sac. No. 7429. In Bank. Dec. 13, 1962.]

In re DONERAL PATTERSON, a Minor. DONERAL PATTERSON, Appellant, v. THE PEOPLE, Respondent.

*Assigned by Chairman of Judicial Council.

S. Carter McMorris for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

McCOMB, J.—Doneral Patterson, a minor aged 17, appeals from a judgment of the Superior Court of Sacramento County sitting as a juvenile court, declaring him a ward thereof and committing him to the care and custody of the Youth Authority.

*Facts:* The minor was charged with entering a residence ''with the intent to commit the crime of theft, thereby violating Section 459 of the Penal Code of California.''

He was taken into custody on November 30, 1961. His mother and only available parent, Opal Patterson, was given telephonic notice of the detention hearing before the juvenile court referee, set for December 1, 1961.

Following the detention hearing, the court by order adopted the referee's recommendation that the minor be committed to the custody of the county probation officer, to be detained in the Juvenile Hall pending hearing of a petition that he be declared a ward of the court.

Written notice of the hearing on the petition, set for December 18, 1961, was personally served on the minor's mother. After the hearing, the juvenile court declared the minor a ward of the court.

These questions are presented for determination:

First. *Was insufficient notice of the detention hearing given to the minor's mother, resulting in a lack of jurisdiction in the juvenile court?*

*No.* Section 630 of the Welfare and Institutions Code expressly provides that notice of a detention hearing may be given to a parent orally. Notice by telephone satisfies this requirement and constitutes due process of law. *(Drummey*

v. *State Board of Funeral Directors,* 13 Cal.2d 75, 80 [2] [87 P.2d 848] ; *Litchfield* v. *County of Marin,* 130 Cal.App.2d 806, 813 [7] et seq. [280 P.2d 117].)

It is conceded that notice of the detention hearing was personally served on the mother of the minor by telephone. Under the foregoing rules, this constituted sufficient notice.

■ Second. *Were the minor and his parent adequately apprised of the right to counsel?*

*Yes.* Section 633 of the Welfare and Institutions Code requires that when a minor appears at a detention hearing he, and his parent or guardian if present, be "informed of the reasons why the minor was taken into custody, the nature of the juvenile court proceedings, and the right of such minor and his parent or guardian to be represented at every stage of the proceedings by counsel."

An affidavit of Walter A. Schmidt, the referee of the juvenile court, established that the minor was advised at the detention hearing of the right to counsel. The minor's mother did not attend that hearing.

Section 658 of the Welfare and Institutions Code requires that notice of the hearing on a petition to declare a minor a ward of the court be served upon all the minor's parents and guardians whose residence addresses are known. Section 659 requires that such notice contain a "statement that the minor, or his parent or guardian, is entitled to have his attorney present at the hearing on the petition, and that, if the parent or guardian is indigent and cannot afford an attorney, and the minor or his parent or guardian desires to be represented by an attorney, such parent or guardian shall promptly notify the clerk of the juvenile court."

The mother of the minor was personally served with notice of the hearing on the petition, which notice contained the statement required by section 659.

Section 700 of the Welfare and Institutions Code provides, among other things, that at the beginning of the hearing on a petition to declare one a ward of the juvenile court the "judge shall ascertain whether the minor or his parent or guardian has been informed of the right of the minor to be represented by counsel, and if not, the judge shall advise the minor and the parent or guardian, if present, of the right to have counsel present. If the parent or guardian is indigent and desires to have the minor represented by counsel, the court may appoint counsel to represent the minor, and in

such case the court must appoint counsel if the minor is charged with misconduct which would constitute a felony if committed by an adult.''

Accordingly, the judge is required to ascertain at the beginning of the hearing whether the parent or the minor has been informed of the right to counsel and is then required to advise them of such right only if he has ascertained that they have not previously been informed thereof.

The records before the court at the commencement of the hearing reflected that the minor had been advised at the detention hearing of the right to counsel and that his mother, who was present at the hearing on the petition, had been advised of the right to counsel in the notice of hearing personally served upon her.

Once the judge had ascertained from the records then before him that the minor and his parent had been informed of the right to counsel and that no request had been made for the appointment of counsel, he was justified in proceeding without again advising the minor or his parent of the right to counsel. That duty would have evolved upon him only if it had appeared that they had not previously been advised of such right.

 The minor further contends that section 700 of the Welfare and Institutions Code requires that counsel be appointed in every case where the parent or guardian is indigent if the minor is charged with misconduct which would constitute a felony if committed by an adult.

This contention overlooks the further requirement in the section that such an appointment is mandatory only if the parent or guardian desires the appointment of counsel. The record is devoid of any evidence which would indicate such a desire on the part of the minor's parent. If, as here, the parent has not indicated any desire for counsel, the court has no obligation to appoint counsel, and its failure to do so did not vitiate the judgment entered.

 Third. *Was the minor's admission of the charges against him the equivalent of a plea of guilty and, as such, sufficient to support the judgment?*

*Yes.* The minor argues that there was insufficient evidence to support the judgment and that the probation officer's report was improperly admitted and considered by the court, since the report contained conclusions and hearsay. This contention has been held to be without merit. (*In re Garcia,* 201

Cal.App.2d 662, 664 [2] [20 Cal.Rptr. 313] ; *In re Halamuda,* 85 Cal.App.2d 219, 223 [192 P.2d 781].)

In addition to the report that was received in evidence when the minor appeared before the court, the charges were read, and he admitted their truth in open court. The testimony of an accused at his trial not only establishes the corpus delicti of the offense but is sufficient to justify a judgment. *(People* v. *Hill,* 2 Cal.App.2d 141, 155 [37 P.2d 849] [hearing denied by the Supreme Court] ; *People* v. *Hudson,* 139 Cal.App. 543, 544 [2] [34 P.2d 741].)

 It is likewise settled that the admission by a minor of the charges against him in open court is the equivalent of a plea of guilty and therefore raises no issue of fact and precludes the necessity for the presentation of evidence in support of the allegations contained in the petition. *(In re Dargo,* 81 Cal.App.2d 205, 208 [4] et seq. [183 P.2d 282] [hearing denied by the Supreme Court] ; cf. *People* v. *Johns,* 173 Cal.App.2d 38, 42 [2, 3] [343 P.2d 92].)

 Fourth. *Did the trial judge properly review the report of the probation officer and the other records before him at the time of the hearing?*

*Yes.* It must be presumed, in the absence of a showing to the contrary, that the statutory requirements were followed by the trial judge. (Code Civ. Proc., § 1963, subd. 15; *People* v. *Downer,* 57 Cal.2d 800, 817 [22 Cal.Rptr. 347, 372 P.2d 107] ; *People* v. *Citrino,* 46 Cal.2d 284, 287 [2] [294 P.2d 32] ; *In re Smith,* 33 Cal.2d 797, 801 [2] [205 P.2d 662] ; 28 Cal. Jur.2d (1956) § 5, p. 618. No showing to the contrary was made in the present case. Therefore, the presumption is here applicable.

The judgment is affirmed.

Gibson, C. J., Schauer, J., and White, J.,* concurred.

TRAYNOR, J., Dissenting.—I dissent. In my opinion the decision herein renders superfluous and unenforceable the provisions of section 700 of the Welfare and Institutions Code[1] relating to the right to counsel and thus frustrates the

---

*Assigned by Chairman of Judicial Council.

[1] "At the beginning of the hearing on a petition filed pursuant to Article 7 (commencing with section 650), the judge or clerk shall first read the petition to those present and upon request of the minor upon whose behalf the petition has been brought or upon the request of any parent, relative or guardian, the judge shall explain any term or allega-

purpose of the Legislature to safeguard that right in the juvenile court.

A judge can now "ascertain" whether the minor and his parents have been informed of the minor's right to be represented by counsel simply by examining the records to note whether the notices required by sections 633[2] and 659[3] were given. He need not place anything on record to indicate that he has even made that examination. He need not undertake any investigation to determine that the records before him are correct. He need not determine whether the absence of counsel at the hearing is the result of an intelligent and understanding waiver of the right to counsel.

Section 700, so interpreted, becomes superfluous for no statute is necessary to impose a duty upon the juvenile court judge to determine whether the requirements of sections 633 and 659 have been met. A judge necessarily has a duty in every case, particularly when a party is not represented by counsel (see *In re Masching*, 41 Cal.2d 530, 534 [261 P.2d 251]), to determine that the proceedings in the case accord with statutory requirements. (See Code Civ. Proc., § 128.)

Section 700, so interpreted, becomes unenforceable, for if the judge fails to examine the records to determine whether sections 633 and 659 were complied with and remains silent as to such failure, the minor and his parents are without a remedy. It will be presumed that the examination was made,

---

tion contained therein and the nature of the hearing, its procedures, and possible consequences. The judge shall ascertain whether the minor or his parent or guardian has been informed of the right of the minor to be represented by counsel, and if not, the judge shall advise the minor and the parent or guardian, if present, of the right to have counsel present. If the parent or guardian is indigent and desires to have the minor represented by counsel, the court may appoint counsel to represent the minor, and in such case the court must appoint counsel if the minor is charged with misconduct which would constitute a felony if committed by an adult. The court may continue the hearing for not to exceed seven days, as necessary to make an appointment of counsel, or to enable counsel to acquaint himself with the case, or to determine whether the parent or guardian is indigent and unable to afford counsel at his own expense.''

[2]Section 633 provides that upon his appearance at the detention hearing the minor and his parent or guardian, if present, ''shall first be informed of . . . the right of such minor and his parent or guardian to be represented at every stage of the proceedings by counsel.''

[3]Section 659 provides that the notice to the parent or guardian of the court hearing to determine wardship must contain ''a statement that the minor, or his parent or guardian, is entitled to have his attorney present at the hearing. . . .''

absent an affirmative showing to the contrary, which the minor and his parents will ordinarily be unable to make.[4]

The California Juvenile Court Law of 1961 was the product of years of extensive study and criticism of juvenile court procedures. The charge that in their informal procedures juvenile courts were sacrificing fundamental procedural rights of the offender was a matter of national concern.[5] Extensive studies of the California juvenile courts were undertaken by a special commission appointed by the Governor, and a more limited study of wardship and the right to counsel by the California Law Revision Commission. These studies found that many judges believed that attorneys had no place in juvenile court proceedings[6] and that a majority of judges did not inform the minor or his parents of their right to representation by counsel.[7] They concluded that legislation was necessary to compel judges to inform the minor and his parents of this important right.[8] Many of the provisions enacted by the Legislature, including those before us in this case, were taken verbatim from the recommendations of the Governor's Commission. Section 700 is thus part of a comprehensive plan of remedial legislation, enacted after careful study and drafting. Under these circumstances, it is evident that it was the Legislature's purpose to make section 700 a

[4]The Report of the Governor's Special Study Commission on Juvenile Justice (1960) part II, pages 12-14, and a Stanford Law Review study (see Note, *The California Juvenile Court* (1958) 10 Stan. L. Rev. 471, 500-501) noted the extreme hostility of some judges to the participation of attorneys in juvenile court proceedings. The statute before us was enacted because of the undesirable results of that hostility. In the light of this background, it cannot be assumed that appellate court supervision will not be necessary to ensure that the purpose of section 700 is fully accomplished. Under today's decision, however, such supervision is impossible.

[5]See e.g., Senate Com. on the Judiciary, Juvenile Delinquency, S. Rep. No. 430, 85th Cong., 1st Sess. (1957); United States Dept. of Health, Education & Welfare, Standards for Specialized Courts Dealing with Children (1954); Ellrod & Melany, *Juvenile Justice: Treatment or Travesty?* (1950) 11 U.Pitt. L. Rev. 277; O'Neil, Criminal Law (1951) Mercer L. Rev. 46; Paulsen, *Fairness to the Juvenile Offender* (1957) 41 Minn. L. Rev. 547; Note, *Due Process in the Juvenile Courts* (1952) 2 Catholic U. L. Rev. 90.

[6]Report of the Governor's Special Study Commission on Juvenile Justice (1960) part I, p. 13; Note, *The California Juvenile Court, supra,* 10 Stan. L. Rev. at p. 500.

[7]Report of the Governor's Special Study Commission on Juvenile Justice (1960) part I, p. 26; *Id.* part II, p. 12.

[8]Report of the Governor's Special Study Commission on Juvenile Justice (1960) part I, p. 26, 72-73; 3 Calif. L. Revision Com'n Reports (1960), p. E6.

significant one and that an interpretation that renders it unnecessary and unenforceable frustrates that purpose.

The Governor's Commission, which drafted the exact wording of section 700, stated that ''in our opinion, all judges should be required to inform the minor and his parents of this right [to counsel] as a routine part of the juvenile court procedure.'' (Part I, p. 26; accord, 3 Calif. L. Revision Com. Report (1960), p. E6.) Although the minor may be personally informed of the right to counsel at the detention hearing and a parent may be given written notice of the right, they are not informed of that right *by the judge* at the hearing to determine wardship when the judge does not utter a word about it. Indeed, a parent would not be informed of the right by any judge unless the parent had been present earlier at the detention hearing.

In part II of its report (page 14), the Governor's Commission quotes with approval from *Shioutakon* v. *District of Columbia* (D.C.Cir. 1956.) 236 F.2d 666, 670: ''[W]here that right [to counsel] exists, the court must be assured that any waiver of it is intelligent and competent.'' (Accord, *People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 76, 170 A.L.R. 246].) Obviously the court cannot be assured of that fact simply by noting that the form notice delivered to the parent contains a statement that the juvenile has a right to be represented by counsel. There is no assurance that the notice was read, that the parent was able to read, or if he could read that he understood what representation by counsel meant. Even if the minor was personally informed at the detention hearing of his right to counsel, there is no assurance that any waiver, whether express or inferred, as in this case, from his appearance at the hearing unaccompanied by counsel, was ''intelligent and competent.'' The Governor's Commission noted the irony of regarding minors as incompetent in financial matters and yet assuming their competence to make important legal decisions ''which may involve a drastic curtailment of the minor's freedom and liberty.'' (Part I, p. 27.) Only by carefully questioning the minor could a judge ascertain that the minor's waiver of counsel was intelligent and competent. (See *Williams* v. *Huff* (D.C.Cir. 1944) 142 F.2d 91.)

''Ascertain'' means ''to find out with certainty.'' (Webster's New World Dictionary of the American Language.) What can the judge find out with certainty if he need only examine the recitals in the records before him? Even if the

recitals in the records are correct, he can only discover that a written notice was given the parents and that a statement was made to the minor. There is no meaningful sense in which it can be said that someone is informed "of the right to representation by counsel" unless he understands the meaning and significance of that right. To "ascertain" if he has been so "informed" the judge must "find out with certainty" whether he has an intelligent comprehension of the right.

In my opinion the purpose of the Legislature in enacting section 700 and the language it used to express that purpose require the judge at the outset of the hearing personally to find out by examining the minor and his parents or guardian, if present, whether they have been informed of the minor's right to representation by counsel and whether they wish the aid of counsel. In performing that duty the judge must also make certain that they understand the nature of the charge and its possible consequences and that if they cannot afford to employ counsel, the court can appoint counsel, if the charge is of felony proportions.

The judge's duty to protect the rights and interests of the minor is particularly significant when a right as vitally important as the right to representation by counsel is at stake. That duty is not discharged when the judge does not even mention that right or show enough interest to question the juvenile or his parent or guardian to ascertain whether the right to counsel is understood and has not been waived through ignorance or misunderstanding. The burden such inquiries place on the judge is minimal when compared with the risk of misinformed waiver and the consequent loss to both the minor and the judge of the aid that counsel can give them in the discovery of the truth and if necessary the formulation of plans of rehabilitation.

Peters, J., and Tobriner, J., concurred.

Appellant's petition for a rehearing was denied January 9, 1963. White, J.,* participated in place of Peek, J., who deemed himself disqualified. Traynor, J., Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.