[Civ. No. 21560. First Dist., Div. Two. April 20, 1964.]

In re GLEN KRISTIAN MIKKELSEN, a Minor. MICHAEL KUZIRIAN, Petitioner and Respondent, v. GLEN KRISTIAN MIKKELSEN, Objector and Appellant.

Bryan Jones for Objector and Appellant.

Stanley Mosk, Attorney General, Derald E. Granberg and John F. Kraetzer, Deputy Attorneys General, for Petitioner and Respondent.

TAYLOR, J.—Glen Kristian Mikkelsen, a minor aged 13, appeals from a judgment of the Juvenile Court of Santa Clara County, which found that he came within the provisions of section 602 of the Welfare and Institutions Code, made him a ward of the court, and released him on probation to the care and custody of his parents and the probation officer.[1]

The facts are not in dispute. The petition of the probation officer alleged that the minor was a person within section 602 of the Welfare and Institutions Code because he had wilfully and lewdly exposed his person and private parts in the presence of others in violation of section 314, subdivision 1, of the Penal Code. The minor and his parents were represented by counsel at the jurisdictional hearing. After the clerk of the court read the charging allegations of the petition, the juvenile probation officer asked the minor whether its contents were true. When the minor replied affirmatively, the probation officer requested that the petition be sustained. The court said: "The petition is sustained," and immediately thereafter, the minor's counsel objected as follows: "We don't intend to waive the right to have evidence introduced. I think that Glen, or Kris, he is known as Kris, admits that he exposed himself. Now, lewdly, and the different parts of it, I don't know that that is the fact but the physical facts happened and we want to cooperate with your procedures but we don't want to waive any rights we may have, is all."

The court almost immediately thereafter said: "The petition is sustained and wardship is declared" and on the assurance that the boy would receive continued psychiatric treatment, he was ordered returned to his home. In the colloquy that followed, the minor's counsel argued against

---

[1] All citations are to 1961 statutes. The petition was filed on June 7, 1963, before the effective date of the 1963 amendments (Stats. 1963, chs. 917 and 1761).

wardship and continued to contend, without avail, that there should be further evidence before the disposition. The family psychiatrist was in court with the parents and volunteered that six months' probation was adequate. Finally, the minor's counsel said: "I am very familiar with the provisions of the Code we operate under here and I don't feel any evidence is introduced and there is evidence that should be introduced before the finding is made, I believe." Whereupon, the proceeding terminated. The record makes no mention of any social study made by the probation officer.

The question presented on appeal is whether the hearing was properly conducted under the provisions of the Juvenile Court Act of 1961 as contained in the Welfare and Institutions Code.

Section 702 provides that if the court finds that the minor is a person described by sections 600, 601 and 602 "... it shall make and enter its finding and judgment accordingly and shall then proceed to hear evidence on the question of the proper disposition to be made of the minor." Section 706 states: "After finding that a minor is a person described in Sections 600, 601 or 602, the court shall hear evidence on the question of the proper disposition to be made of the minor. The court shall receive in evidence the social study of the minor made by the probation officer and such other relevant and material evidence as may be offered, and in any judgment and order of disposition, shall state the social study made by the probation officer has been read and considered by the court." ■ Section 680 advises an informal nonadversary atmosphere and there appears to be no reason why the jurisdictional and the dispositional phases cannot be disposed of in a single bifurcated hearing provided there is compliance with the basic requirements of sections 702 and 706.

Counsel's objections ran to both phases of the proceedings but since we believe the dispositional hearing fatally defective, we give precedence to its consideration.

■ The 1961 act passed after a long and careful study by the Governor's Special Study Commission on Juvenile Justice, laid down rules relating to the minor's rights which require a new formality and the juvenile judge has few guideposts or authorities upon which to rely. The statute attempts to attain a hard working balance between preserving a guaranty of civil due process to the minor while retaining that informal court atmosphere which minimizes the proceed-

ings' harmful effects and encourages the minor's receptivity to treatment. The conscientious juvenile judge motivated by the sole desire to rehabilitate the minor, is understandably concerned with the extent to which juvenile proceedings, when contested by counsel, become adversary in character (Judicial Council of Cal., 19th Biennial Report to the Governor and the Legislature, January 7, 1963, pp. 75-76).

However, the importance of due process in juvenile proceedings was recognized long before the recent revisions of the Juvenile Court Act. ''While the juvenile court law provides that adjudication of a minor to be a ward of the court shall not be deemed to be a conviction of crime, nevertheless, for all practical purposes, this is a legal fiction, presenting a challenge to credulity and doing violence to reason. Courts cannot and will not shut their eyes and ears to everyday contemporary happenings.

 ''It is common knowledge that such an adjudication when based upon a charge of committing an act that amounts to a felony, is a blight upon the character of and is a serious impediment to the future of such minor.'' (*In re Contreras*, 109 Cal.App.2d 787 at p. 789 [241 P.2d 631]; cf. *In re Alexander*, 152 Cal.App.2d 458 [313 P.2d 182].)

 We interpret sections 702 and 706 of the Welfare and Institutions Code to afford the minor an opportunity to have evidence presented relating to the disposition of his case.

 Here, the declaration of wardship was made simultaneously with the jurisdictional finding. Counsel clearly objected to this arbitrary procedure and expressed a desire to have evidence introduced. Though the minor's psychiatrist was present in court and did volunteer a suggested disposition, he was never asked to testify nor did the court seek any other testimony. We conclude that this right is basic, that its denial is violative of due process and constitutes prejudicial error.

It is further noted that although section 706 specifies that the order of disposition shall state that the probation officer's social study, required by Welfare and Institutions Code section 581, was read and considered by the court, there is no mention of any study in the entire record. *In re Patterson*, 58 Cal.2d 848, 853 [27 Cal.Rptr. 10, 377 P.2d 74], held that in the absence of a contrary showing, the trial judge is presumed to have followed the statutory requirements, but we strongly suggest that on the rehearing of this matter the required finding be included in the court's judgment.

We now turn to a consideration of the jurisdictional phase of the hearing. The minor contends that under the new provisions of the juvenile court law, the evidence was insufficient to sustain the jurisdictional finding that he was a person within section 602 of the Welfare and Institutions Code. Section 602, so far as relevant, refers to a minor who has violated any law of this state. The minor in the instant case was charged with an offense (Pen. Code, § 314) which could be a felony (1 Witkin, Cal. Crimes, § 556, p. 505) since the record reveals that it was a second offense. The applicable portion of section 701 of the Welfare and Institutions Code reads: ''. . . a preponderance of evidence, legally admissible in the trial of criminal cases, must be adduced to support a finding that the minor is a person described by section 602. . . .'' The minor argues that in view of his counsel's timely objection to the insufficiency of the evidence, particularly as to the intent element of the offense,[2] evidence other than his own admission was required to sustain the judgment as a disputed issue of fact was raised under section 680[3] of the Welfare and Institutions Code. The minor thus attempts to bring himself under the rule of *In re Contreras, supra,* wherein the minor denied the allegations of the petition.

In *In re Patterson,* 58 Cal.2d 848 [27 Cal.Rptr. 10, 337 P.2d 74], where there was no counsel, the Supreme Court held that when the minor admits the truth of the charges read to him in court, his testimony not only establishes the corpus delicti of the offense but is sufficient to justify a judgment, because an admission by a minor of the charges against him in open court is the equivalent of a plea of guilty and no issue of fact is raised. A stronger case is established where the minor has counsel who presumably informed him before the hearing of the nature of the offense and the consequences of his admission.

[2]*Both wilfulness and lewdness* are requisites of the offense (*In re Correa,* 36 Cal.App. 512 [172 P. 615]).

[3]''The judge of the juvenile court shall control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought. *Except where there is a contested issue of fact or law,* the proceedings shall be conducted in an informal nonadversary atmosphere with a view to obtaining the maximum cooperation of the minor upon whose behalf the petition is brought and all persons interested in his welfare with such provisions as the court may make for the disposition and care of such minor.'' (Italics added.)

Although the evidentiary requirements of section 701 were technically met under *In re Patterson,* we stress the importance of having the minor understand the nature of the offense with which he is charged if the court is to rely solely on his admission to sustain the jurisdictional finding. On the rehearing, it would be well for the record to clearly show that the petition was read to the minor as required by section 700, that the court explained the elements of the offense, and that the minor understood the court's explanation before being asked if the allegations of the petition were true.

The judgment is reversed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied May 20, 1964.