15 Cal.App.3d 283 (1971)
93 Cal. Rptr. 112
In re D.A.S., a Minor, on Habeas Corpus.
Docket No. 5982.
Court of Appeals of California, Third District.
February 16, 1971.
*284 COUNSEL
Richard S. Buckley, Public Defender, Kathryn J. McDonald, Roger R. Jensen and Laurence S. Smith, Deputy Public Defenders, for Petitioner.
Thomas C. Lynch, Attorney General, Arnold O. Overoye and Marjory Winston Parker, Deputy Attorneys General, for Respondent.
OPINION
BRAY, J.[*]
Petition for writ of habeas corpus seeking discharge of petitioner from custody after commitment by the juvenile court to the California Youth Authority.

QUESTION PRESENTED
Did petitioner intelligently waive his right to counsel?

RECORD
On July 13, 1966, petitioner, then 13 years of age, appeared before a referee of the Los Angeles County Superior Court sitting as a juvenile court for the purpose of a detention hearing. A petition had been filed charging him with unlawfully entering a home in violation of section 459 of the Penal Code (burglary), bringing him within the provisions of section 602 of the Welfare and Institutions Code.
Petitioner was accompanied by his mother and his grandmother. The referee stated "what we are going to do is make sure that Darrell and his mother and grandmother understand what rights he has in Juvenile Court....
"Darrell, you and your mother are advised that you have the right at *285 all stages of the Juvenile Court proceedings to be represented by a lawyer. If you cannot afford a lawyer, the Court, upon application of your mother, can arrange to appoint one to represent you."
A Miranda warning was then given. Darrell and his mother were then asked if they understood what was being told them, and he and she replied that they did. The mother then asked if it was the desire of the court to have a lawyer, and the referee stated, "It is the right of the minor and his parents if they so desire. It is not mandatory but you may if you wish." Something was said that indicated that Darrell had been before the juvenile court 10 years before "and subsequently the case was dismissed."[1] The mother was asked if there was anything she would like to say as to what should be done with Darrell pending hearing. She replied, "I leave it in the hands of God to help me and all of us here rightly decide and this is all I can say."
At a later hearing, the referee said, "The court will advise the minor and parents that he may be represented at the hearing this afternoon and at all stages of the proceedings in the matter by counsel. You can bring a lawyer in here if you want to." At this hearing the minor admitted that the charges in the petition were true. The referee then made findings that the petition was sustained and that the minor came within the provisions of section 602 of the Welfare and Institutions Code and ordered that he be declared a ward of the court and committed to the Youth Authority. These findings and orders were approved by the judge of the juvenile court. Apparently the minor at no time appeared before the judge.[2]
On July 10, 1970, Darrell's petition for a writ of habeas corpus was heard in the Los Angeles County Juvenile Court. The court found that "there was no effective waiver of counsel by the minor herein and further finds that `In Re Gault' [387 U.S. 1, 18 L.Ed.2d 527] is not retroactive," and ordered Darrell returned to the custody of the California Youth Authority.
Petitioner contends that his original commitment was the result of proceedings wherein under either the 1966 California law or under In re Gault (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], which he would apply retroactively, he was denied the right to an attorney. As will hereinafter appear, it is unnecessary to determine whether In re Gault, supra, applies retroactively to this case for the reason that although Darrell and his *286 mother, in effect, by conduct waived his right to counsel, even under the California law in 1966 that waiver was not effective as it clearly appears that such waiver was not intelligently made by either. It is true that under the sections of the Welfare and Institutions Code dealing with the matter of counsel for minors in the juvenile court in effect at the time of Darrell's commitment, sections 633, 634 and 700,[3] the appointment of counsel for an indigent was mandatory only if the parent or guardian indicated a desire for such appointment, and that "[o]nce the judge had ascertained from the records then before him that the minor and his parent had been informed of the right to counsel and that no request had been made for the appointment of counsel, he was justified in proceeding without again advising the minor or his parent of the right to counsel." (In re Patterson (1962) 58 Cal.2d 848, 852 [27 Cal. Rptr. 10, 377 P.2d 74].) Nevertheless, even at that time, while apparently the court was not required to examine the minor or parent at any length concerning the depth of his understanding of the right to counsel, if it appeared from the record that they did not have sufficient understanding to show that their waiver of counsel was intelligently made, the waiver was invalid.
In In re Johnson (1965) 62 Cal.2d 325, 335 [42 Cal. Rptr. 228, 398 P.2d 420], where the court was considering the waiver of his right to an attorney by an adult, the court (quoting from Johnson v. Zerbst (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]) said, "Moreover, it is settled that `The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'"
In In re Butterfield (1967) 253 Cal. App.2d 794, 797 [61 Cal. Rptr. 874], where the minor and her mother "stated clearly and with apparent deliberation that they wished to proceed without an attorney," this court *287 held that the record showed that "The formal and literal waiver of counsel was ineffectual because not made with an intelligent understanding of its consequences." (P. 798.) Although this decision was made after In re Gault had been decided and the court referred to Gault in another connection and held that Gault demands representation by counsel or waiver of that right, the court relied on In re Johnson, supra, for the requirement that the waiver of counsel by a minor had to be with an intelligent understanding of its consequences, and where it appeared on the face of the record that the waiver was not intelligently made, any action based upon such waiver could not stand.
In In re Corey (1964) 230 Cal. App.2d 813 [41 Cal. Rptr. 379], a petition alleged that the minor was a person described in section 602 of the Welfare and Institutions Code, in that he had committed armed robbery. The reviewing court held, following In re Patterson, supra, that where the minor and his parent had once been advised of his right to an attorney, it was not necessary thereafter to advise him of that right. However, the court recognized that the waiver must be an intelligent one because it pointed out in the footnote (p. 830) the circumstances of the waiver which showed that the boy knew what he was doing when on two different occasions he stated that he did not want counsel.
We will now look at the circumstances of the waiver in the instant case. We have a minor 13 years of age whom the law considers may be immature and incapable of committing a crime. Section 26 of the Penal Code provides: "One  Children under the age of fourteen, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness." The record discloses nothing as to the mentality, educational background or intelligence of the mother or grandmother. From the names, it is probable that they are Mexican Americans. There is nothing to show that either they or the child had any knowledge or realization of what could be in store for Darrell in this proceeding. It is true that at the detention hearing they were informed of the right to counsel and to remain silent. But neither the minor nor the women were asked if counsel was desired. Darrell was asked if he understood what the referee was telling him and the mother was asked if it was clear to her. Her asking if the court desired a lawyer and stating that she left the matter in the hands of God, are some indications that she did not understand the situation or realize the necessity of fully considering whether an attorney was required to safeguard the minor's interests.
The record discloses that the adjudicatory hearing was exceedingly brief and cursory. The referee again advised that the minor might be represented at the hearing and at all stages of the proceedings: "You can bring a lawyer *288 in here if you want to." Neither he nor his mother was asked if they desired a lawyer. After telling the child that he could bring witnesses in his behalf and that he and his parents could cross-examine witnesses and that he could remain silent, but could make a statement if he so desired, the referee then said, "At this time I am going to ask the minor if he wishes to state to the Court whether or not this petition alleging the burglary on the 9th of July is true or untrue, Darrell." Darrell replied, "True." The referee then stated, "The minor having admitted the allegations of the petition, the Court finds that they are true and the petition is sustained."
The formal findings and order of the referee signed the same day, August 1, and approved by the juvenile court has printed on it the statement: "The court [presumably the referee] has received in evidence and has read and considered the Probation Officer's report, social study, and recommendations, dated August 1, 1966." The court reporter's transcript of the proceedings of that date fails to show that such documents were offered in evidence at the hearing. Nor is there anything to show that either the minor or his mother or grandmother ever were shown or knew the contents of such reports. The whole procedure could not have taken over five minutes.
In In re Johnson, supra, 62 Cal.2d at page 335, the court said that the determination whether an intelligent waiver of counsel had been made "must be made before any plea  guilty or otherwise  is accepted by the trial court...." The making of this determination in a timely fashion is therefore the "`serious and weighty responsibility' of the trial judge"  in the case at bench the referee, as Darrell never appeared before a judge. (1) So cursory were the proceedings before the referee that they could not provide a basis upon which the referee could find that the right to counsel had been intelligently waived, if waived at all.
In the habeas corpus proceeding before the trial court, its finding that "there was no effective waiver of counsel by the minor herein" was apparently based upon the In re Gault standard, because it failed to give Darrell any relief stating "`In re Gault' is not retroactive." We feel that it is not necessary to apply the In re Gault standard as under pre-Gault standards Darrell did not effectively waive his right to counsel.
In view of our determination herein that the juvenile court must rehear the petition, it becomes unnecessary for us to consider the application, if any, of the case of In re Gladys R. (1970) 1 Cal.3d 855 [83 Cal. Rptr. 671, 464 P.2d 127], to the prior proceedings.
(2) The petition is granted and a writ of habeas corpus will issue commanding the California Youth Authority to deliver petitioner to the custody *289 of the Los Angeles Juvenile Court for further proceedings not inconsistent with this opinion.
Pierce, P.J., and, Regan, J., concurred.
NOTES
[*] Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.
[1] Darrell must have then been only three years of age. The record fails to disclose what this was about.
[2] It is interesting to note that Darrell in the approximately four years and four months since his commitment to the Youth Authority has been twice paroled and his parole revoked.
[3] Section 633 provided in pertinent part: "Upon his appearance before the court at the detention hearing, such minor and his parent or guardian, if present, shall first be informed of ... the right of such minor and his parent or guardian to be represented at every stage of the proceedings by counsel."

Section 634 provided: "When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court may appoint counsel. In such a case the court must appoint counsel for the minor if he is charged with misconduct which would constitute a felony if committed by an adult."
Section 700 provided in pertinent part: "At the beginning of the hearing on a petition ... the judge shall ascertain whether the minor and his parent or guardian or adult relative, as the case may be, has been informed of the right of the minor to be represented by counsel, and if not, the judge shall advise the minor and such person, if present, of the right to have counsel present. If such person is indigent and desires to have the minor represented by counsel, the court may appoint counsel to represent the minor, and in such case the court must appoint counsel if the minor is charged with misconduct which would constitute a felony if committed by an adult."