[No. B114123. Second Dist., Div. Seven. May 26, 1998.]

In re DEON W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DEON W., Defendant and Appellant.

**COUNSEL**

Cynthia Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Marc J. Nolan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**LILLIE, P. J.**—Deon W. appeals from the orders of wardship (Welf. & Inst. Code, § 602) and suitable placement.

On March 18, 1997, a petition was filed alleging appellant committed residential burglary. On April 20, 1997, before adjudication, the court read and considered a social study indicating that victim Ricardo Topey was moving into a new residence. He discovered appellant, age 10, removing a screen from his living room window and ran outside and detained appellant. Appellant had a recent contact for vandalism. He lived with his grandmother, who was his legal guardian. He had attention deficit disorder and was attending a special education school. He had difficulties with school attendance and was physically aggressive and street-oriented.

The grandmother told the court that appellant was being influenced by older boys, he "knows better than to misbehave," and he was having difficulties at home and at school. The grandmother believed that the school was not fully cooperating with her in disciplining appellant.

The court proposed six months of probation under Welfare and Institutions Code section 725, subdivision (a), upon appellant's admission to the burglary alleged in the petition.[1] The court explained successful performance on probation would result in a dismissal of proceedings; otherwise, the court would order suitable placement.

Deon W. admitted that he committed first degree burglary. The court placed him on probation.

On June 27, 1997, the probation department sent the court a written notice that appellant had violated the terms and conditions of his probation. Thereafter, appellant appeared in court with his mother and grandmother. The written report suggested that appellant was not performing satisfactorily in school, he had been cited for, and had violated, curfew, and he was not following his grandmother's directions regarding peer association. A school counselor reported that appellant had threatened and hit her and hit fellow students, and he was extremely manipulative and disturbed. The counselor explained that appellant complained of others hitting him at school to avoid punishment by his grandmother. At school, he acted out. The counselor believed that appellant needed a therapeutically structured school and home environment.

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise designated.

The grandmother stated that she wished to cooperate with the court. She was unhappy with school officials who had not responded to her complaints appellant was coming home with bruises. The grandmother believed that appellant needed more counseling and therapy, especially since he was so angry with his mother.

The court indicated that it would make a suitable placement order. Appellant's counsel asked for section 777 proceedings and a contested disposition hearing.

The court refused. The court declared appellant a ward of the court. The court stated it did not know what other alternatives counsel contemplated presenting but, in the court's view, appellant needed immediate suitable placement. The court then made orders of wardship and suitable placement.

After the orders, the grandmother acknowledged that appellant needed placement and help she could not give him, and stated she was not opposing the court's order. The court said it was aware that appellant wanted to go home and the grandmother wished him to be at home. The grandmother replied that appellant could come home after awhile. The court told appellant he will have to earn his way home.

## DISCUSSION

■ Both parties agree that appellant was entitled to section 777 proceedings. We disagree. The court here was dealing with the reinstitution of the original wardship proceedings (§ 602) and not with an order changing or modifying a previous order removing a minor from custody of his parents and placing the minor (§ 777). Appellant's entitlement to a contested disposition hearing and current social study was properly determined under sections 706, 725, 725.5 726 and 727, and not section 777. Section 725 provides, in pertinent part: "After receiving and considering evidence on the proper disposition of the case, the court may enter judgment as follows: [¶] (a) If the court has found that the minor is a person described by Section 601 or 602, by reason of the commission of an offense . . . it may, without adjudging the minor a ward of the court, place the minor on probation, under the supervision of the probation officer, for a period not to exceed six months. . . . If the minor fails to comply with the conditions of probation imposed, the court may order and adjudge the minor to be a ward of the court."

Section 725 authorizes the juvenile court to put a halt to an adjudication before the order of wardship and disposition if it finds a minor will benefit

from a prewardship grant of probation. Thereafter, if a court is dissatisfied with a minor's performance on probation, the court may reinstitute the wardship proceedings. In this case, the court failed to afford appellant an evidentiary hearing before finding he violated the terms of his probation. Appellant did not request such a hearing however and, we conclude from the record, he had no interest in contesting the violation. He also was entitled to a disposition hearing and he made a specific request for a contested disposition hearing to present to the court other alternatives to suitable placement. (§§ 706, 706.5, 725.5; Cal. Rules of Court, rule 1492; *In re Shannon B.* (1994) 22 Cal.App.4th 1235, 1247 [27 Cal.Rptr.2d 800]; *In re Mikkelsen* (1964) 226 Cal.App.2d 467, 471 [38 Cal.Rptr. 106]; *In re Francis W.* (1974) 42 Cal.App.3d 892, 898 [117 Cal.Rptr. 277].)

It is well established that " '[t]he court is required to examine the entire [and current] dispositional picture whenever the minor comes before the court for disposition. It cannot treat an earlier order as "self-executing" or "automatic." ' " (*In re Jorge Q.* (1997) 54 Cal.App.4th 223, 238 [62 Cal.Rptr.2d 535].) Appellant was entitled to notice, to have a current social study prepared for the hearing and to produce evidence indicating there were other more appropriate dispositions available to the court. (*Ibid.*)

We deem the error prejudicial. We cannot say what the court might have ordered had a social study been prepared and if counsel and appellant's grandmother were prepared for a contested dispositional hearing. They may have persuaded the court to make another order. Accordingly, we will reverse the court's orders of wardship and suitable placement and order upon remand that the court hold a contested disposition hearing. (*In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1091 [12 Cal.Rptr.2d 875]; *In re James H.* (1985) 165 Cal.App.3d 911, 921-922 [212 Cal.Rptr. 61].)

## DISPOSITION

The orders under review are reversed and the cause is remanded for a new disposition hearing in conformity with the views expressed herein.

Woods, J., and Neal, J., concurred.