[Civ. No. 45143. Second Dist., Div. Three. Jan. 28, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TONY S. et al., Real Parties in Interest.

**Counsel**

Joseph P. Busch, District Attorney, Harry B. Sondheim and Jay J. Becker, Deputy District Attorneys, for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

No appearance for Real Parties in Interest.

Richard S. Buckley, Public Defender, John J. Gibbons, Jo Kathleen Kaplan and Laurence M. Sarnoff, Deputy Public Defenders, as Amici Curiae on behalf of Real Parties in Interest.

**Opinion**

**ALLPORT, J.**—On November 25, 1974, this court issued an alternative writ of mandate requiring the respondent court to vacate an order

denying motions to disqualify a judge (commissioner) pursuant to Code of Civil Procedure section 170.6 and to make a new and different order granting said motions, or to show cause before this court on January 23, 1975, why a peremptory writ ordering that such be done should not issue. Respondent having refused to comply with the alternative writ, the cause was on said date argued and submitted for decision.

*Statement of the Case*[1]

The record before us discloses that on October 10, 1974, three minors appeared in juvenile court on petitions filed by the Los Angeles County Probation Officer seeking to have each declared a ward of the court pursuant to Welfare and Institutions Code section 602 et seq. The minors were represented by counsel. The allegations of the petition were denied and adjudication hearings set for October 25, 1974, before a court commissioner by orders made on October 10 and 23, 1974. On October 10, 1974, representatives of the office of the district attorney made motions supported by affidavits of prejudice filed in each case under Code of Civil Procedure section 170.6[2] against the particular commissioner before whom the proceedings were to be heard. On October 23, 1974, the motions were denied by respondent court and the adjudication hearings ordered to be held as scheduled on the 25th. On October 24, at request of the district attorney, we ordered all further proceedings in these matters stayed pending determination of this petition or until further order of this court.

In denying the motions supported by the affidavits of prejudice respondent court took the position that the district attorney appeared in these proceedings at the invitation of the court for the purpose of

---

[1]We have augmented the record in accordance with California Rules of Court, rule 12(a), to include files of respondent court in Nos. 482960, 484128, and 484129.

[2]Section 170.6 provides in pertinent part:

"(1) No judge or court commissioner of any superior, municipal or justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.

"(2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge or court commissioner before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge or court commissioner."

assisting in the orderly presentation of the evidence only and was not a party or an attorney appearing in the proceeding, as specified in the judge challenge law.

## Contentions

The district attorney now argues that by denying the motions the court acted illegally and beyond its jurisdiction in that the district attorney is an attorney appearing in the proceedings and does in fact represent a party, to wit, the People of the State of California. To the contrary respondent court contends that the People are not a party to the proceeding and that the district attorney in his capacity as such does not have the legal standing to disqualify a judge or commissioner in a juvenile court matter. It is argued that at most any participation even under Welfare and Institutions Code section 681 is as a friend of the court only and not as an attorney for a party. For reasons to be stated we do not agree with the position taken by respondent.

## Discussion

It appears clear as suggested by respondent court that the "immediate commonsense interpretation" of section 170.6 is that only a party or an attorney appearing for a party is authorized to exercise the challenge. The form of affidavit provided for in the statute itself would logically lead to such a conclusion.[3] The affidavits filed in the instant proceedings allege in substance that the affiant is an attorney appearing in the action and that the People are a party to the proceedings against whose interests the commissioner is prejudiced.

Clearly the district attorney is not a party to the proceedings nor does his mere appearance give him status to exercise the challenge. ▆ Thus the issue before us is whether the district attorney is, in the matters before us, an attorney for a party within the purview of the judicial challenge law. Section 170.6 authorizes the exercise of the challenge in a civil or criminal action or in a "proceedings." While these are not criminal actions nor criminal proceedings (Welf. & Inst. Code, § 503), they are proceedings. The Welfare and Institutions Code describes the effort to establish wardship a "A proceeding in the juvenile court . . ." commenced by the filing of a petition by the probation officer. (Welf. & Inst. Code, § 650.) It is conceded by respondent that the probation officer

---

[3]The form reads in part "—, being first duly sworn, deposes and says: That he is a party (or attorney for a party) to the within action (or special proceeding)."

could have filed a motion to disqualify a judge under section 170.6. We are satisfied that the proper functioning of the juvenile justice system compels that the interests of society in general as well as of the juvenile in particular be protected. The trend of judicial decisions in the recent past indicates a desire on the part of the judiciary to extend to those subject to the juvenile court law the same procedural, substantive and constitutional safeguards and protection as are afforded adults under the portion of the justice system applicable to them. (See e.g. *In re Mary B.,* 20 Cal.App.3d 816 [98 Cal.Rptr. 178]; *In re D.A.S.,* 15 Cal.App.3d 283 [93 Cal.Rptr. 112]; *In re Michael M.,* 11 Cal.App.3d 741 [96 Cal.Rptr. 887].) By the same token it appears equally desirable that society itself should be also afforded the same safeguards and protection when its interests are affected by the actions of criminally inclined juveniles. (Cf. *Lois R. v. Superior Court,* 19 Cal.App.3d 895 [97 Cal.Rptr. 158].) Thus a strong argument can be made that, even though the probation officer is the one designated to bring the proceedings, he is but a representative of endangered segments of society and that the People are the real party in interest in these proceedings.

We do not find it necessary however in the instant matters to decide that the People are in fact party to all juvenile court proceedings in order to be extended this protection. We conclude, for reasons to be stated, that in the instant proceedings the district attorney is appearing for a party and has the status to exercise the challenge. Welfare and Institutions Code section 681 provides that "In a juvenile court hearing, where the minor who is the subject of the hearing is represented by counsel, the district attorney shall, with the consent or at the request of the juvenile court judge, appear and participate in the hearing to assist in the ascertaining and presenting of the evidence." As pointed out by respondent court the parties in section 601 and 602 proceedings are the minors and the petitioner (probation officer). In cases where requested by the court to appear and participate in the proceedings (§ 681) and in which the minor is represented by counsel the appearance by the district attorney is presumably for the purpose of assisting the probation officer and to assure to him as the representative of the interests adverse to those of the minors a measure of trained legal representation. It follows that under such circumstances the district attorney's participation is that of an attorney for a party, the probation officer, and as such he is entitled to exercise the judicial challenge contemplated by Code of Civil Procedure section 170.6.

Turning to the *status of the* district attorney in the instant case, we find

that on April 16, 1973, the presiding judge of the juvenile court acting under the authority of Welfare and Institutions Code section 681 directed that the district attorney appear and participate in all hearings brought in the juvenile court wherein a petition under Welfare and Institutions Code sections 601 or 602 had been filed. The directive provided "This participation shall consist of his appearance at all court hearings *as the attorney for the petitioner.*" (Italics added.) We consider this directive to be a forceful request for the district attorney's appearance on behalf of a party. Such being the case, we are at a loss to understand the position now being taken by respondent court that the district attorney has no status to exercise the challenge. By order of the court he is made attorney for the petitioner—the probation officer. The probation officer is conceded to be a party in each of these cases with the right to exercise a section 170.6 challenge. As an attorney for a party the district attorney may exercise the challenge on behalf of his client.

The alternate writ is discharged and the stay order terminated. Let a peremptory writ issue directing respondent court to annul and vacate its orders of October 10 and 23, 1974, and to make new and different orders granting the relief sought by petitioner in each proceeding.

Ford, P. J., and Potter, J., concurred.