Filed 5/23/13  In re G.B. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re G.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>                    v.<br><br>G.B.,<br><br>    Defendant and Appellant. | G046494<br><br>(Super. Ct. No. ST001059)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Deborah J. Chuang, Judge.  Affirmed.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The Probation Officer filed a petition under Welfare and Institutions Code section 601, subdivision (b) (all further statutory references are to the Welfare and Institutions Code unless otherwise indicated) seeking to have G.B. (minor) declared a ward of the court as a truant. The juvenile court sustained the petition after admitting, over minor's objection, school district records documenting his numerous absences and the district's unsuccessful efforts to resolve the problem. The court then issued a dispositional order, placing the minor in his mother's custody under the probation officer's supervision with conditions requiring him to enroll in and attend school.

On appeal, the minor argues the admission of his school records violated his right of confrontation and they were inadmissible as business records because the custodian of records' affidavit accompanying the records failed to describe the mode of preparation. Further, acknowledging his probation has terminated, minor claims the issues raised are not moot. Finding no error, we affirm the judgment.

FACTS

The only evidence presented at the jurisdictional hearing was minor's school records from the Placentia-Yorba Linda Unified School District. The documents reflect minor, born in February 1994, began the 2010-2011 school year enrolled at Valencia High School. In September and October 2010, the school's attendance director sent minor's mother letters informing her of his unexcused absences. The second letter

2

requested minor and his mother attend a meeting with the school attendance review team scheduled for October 11. The records contained a document dated October 11, purportedly signed by minor and his mother, in part, stating minor agreed to "[a]ttend school regularly and on time each day" and "[h]ave no truancy or unexcused absences." It included an acknowledgement "further violations of school rules and regulations can result in a referral to the District Attorney and the district's School Attendance Review Board." (Italics omitted.)

Thereafter, minor transferred to El Camino Real Continuation High School. This school's attendance records indicate that of the 78 class days between late October 2010 and mid-March 2011, minor had 38 days of unexcused absences. In November, the district attorney's office contacted his mother and scheduled another meeting.

The district scheduled a third meeting with minor and his mother for February 22, 2011. A document dated February 22, purportedly signed by minor, his mother, and members of the district's student attendance review board again stating minor would "[a]ttend school regularly and on time each class period" and "[h]ave no truancy or unexcused absences." In mid-March, minor dropped out of school.

## DISCUSSION

Claiming his probation was terminated in July 2012, minor first contends that ruling does not moot this appeal. Other than merely acknowledging minor's statement his probation was terminated, the Attorney General does not disagree. The dispositional ruling in a proceeding under section 601 is an appealable judgment. (§ 800, subd. (a); *In re James J.* (1986) 187 Cal.App.3d 1339, 1341.) Since the appellate record does not reflect termination of minor's probation and neither party cites authority declaring such an order renders a pending appeal moot, we proceed to consider the substantive issues raised by the appeal.

3

Minor contends the juvenile court's admission of his school records violated his constitutional right to confront and cross-examine witnesses as construed by the United States Supreme Court in *Crawford v. Washington* (2004) 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] and its progeny. We find this argument unpersuasive.

*Crawford* held "Testimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." (*Crawford v. Washington, supra,* 541 U.S. at p. 59.) However, this rule is inapplicable here for two reasons.

First, the rule applies only in criminal proceedings. *Crawford* is based on the United States Constitution's Sixth Amendment. It provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." Cases have recognized "'[t]he confrontation clause is a criminal law protection'" and thus the *Crawford* doctrine does not apply in other contexts. (*Melkonians v. Los Angeles County Civil Service Com.* (2009) 174 Cal.App.4th 1159, 1171.)

Minor's petition alleged he was a truant under section 601, subdivision (b). It applies to a minor with "four or more truancies within one school year," or where "a school attendance review board or probation officer determines . . . the available public and private services are insufficient or inappropriate to correct the habitual truancy," "or if the minor fails to respond to directives of a school attendance review board or probation officer or to services provided . . . ." "Persons within section 601 are commonly referred to as 'status offenders'" because "their behavior '"is considered unacceptable solely because of their age." [Citation.]' [Citation.]" (*In re P.A.* (2012) 211 Cal.App.4th 23, 35; see also *In re Michael G.* (1988) 44 Cal.3d 283, 287, fn. 2.)

Minor notes "juveniles *are* guaranteed the right to confrontation in section 602 proceedings" and argues the same rule should apply here because a wardship finding under section 601 can lead to restrictions on a juvenile's freedom and autonomy.

4

Both the United States and California Supreme Courts have held many of the constitutional rights accorded to adults charged with criminal offenses apply to juveniles who charged with violating the law under section 602. (*In re Gault* (1967) 387 U.S. 1, 12, 30-31; *Richard M. v. Superior Court* (1971) 4 Cal.3d 370, 375-376.) This includes the right to confront and cross-examine witnesses. (*In re Gault, supra,* 387 U.S. at p. 56.) It has been recognized a juvenile subject to a wardship petition under section 601 has a due process right to a fair hearing. (*In re Jesse G.* (2005) 128 Cal.App.4th 724, 729 [minor's due process right violated by referee who called and questioned sole witness].)

But section 601, subdivision (b) states "it is the intent of the Legislature that no minor who is adjudged a ward of the court pursuant solely to this subdivision shall be removed from the custody of the parent or guardian except during school hours." The potential for a minor adjudged a truant to suffer more restrictive confinement requires a further and collateral contempt proceeding. (See *In re Michael G., supra,* 44 Cal.3d at pp. 287, 294-295, 297; *L.A. v. Superior Court* (2012) 209 Cal.App.4th 976, 982-985.)

Other statutory provisions also require different treatment for juveniles alleged to be wards under section 601 than minors alleged to fall under section 602. Section 601 proceedings are "commenced by the filing of a petition by the probation officer" (§ 650, subd. (b)), but section 602 proceedings "are commenced by the filing of a petition by the prosecuting attorney" (§ 650, subd. (c)). In section 601 proceedings, if "the minor . . . is represented by counsel, the prosecuting attorney may, with the consent or at the request of the juvenile court judge, or at the request of the probation officer with the consent of the juvenile court judge, appear and participate in the hearing to assist in the ascertaining and presenting of the evidence" (§ 681, subd. (b)). But in section 602 proceedings, "the prosecuting attorney shall appear on behalf of the people" (§ 681, subd. (a)). In addition, under section 701 proof by "a preponderance of evidence, legally admissible in the trial of civil cases must be adduced to support a finding that the minor is

5

a person described by Section . . . 601," while "[p]roof beyond a reasonable doubt supported by evidence, legally admissible in the trial of criminal cases, must be adduced to support a finding that the minor is a person described by Section 602."

Even if we treat a truancy hearing as equivalent to a criminal proceeding, *Crawford* and its progeny only apply to the use of testimonial statements. The California Supreme Court recently explained "a statement is testimonial when two critical components are present. [¶] First, . . . the out-of-court statement must have been made with some degree of formality or solemnity. . . . [¶] Second, . . . an out-of-court statement is testimonial only if its primary purpose pertains in some fashion to a criminal prosecution . . . ." (*People v. Lopez* (2012) 55 Cal.4th 569, 581-582.)

Under this definition, minor's school records are not testimonial. The district attorney introduced the records under the business records exception. (Evid. Code, § 1271.) *Crawford* noted when the Sixth Amendment was adopted, "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records . . . ." (*Crawford v. Washington, supra,* 541 U.S. at p. 56.)

Minor cites *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305 [129 S.Ct. 2527, 174 L.Ed.2d 314], where the high court stated, while, "[d]ocuments kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status . . . that is not the case if the regularly conducted business activity is the production of evidence for use at trial." (*Id.* at p. 321.) He argues this exception applies here because his school records "were put together by a government employee for the specific purpose of being submitted to th[e] . . . trial court as a primary source of evidence of [his] truancy." (Italics omitted.)

This argument misconstrues the record. School districts maintain records on student attendance for reasons other than establishing truancy. For example, daily attendance records are necessary in determining a district's receipt of funding from the state. (Cal. Const., art. 16, § 8, subd. (f).)

6

Furthermore, the district delivered minor's attendance records in response to a subpoena and the attached declaration's purpose was to authenticate the subpoenaed documents. This distinction was recognized both in *Melendez-Diaz v. Massachusetts, supra,* 557 U.S. at p. 322 and *People v. Perez* (2011) 195 Cal.App.4th 801, which upheld the admission of prison records to support prior serious felony and prior prison term allegations. "In *Melendez-Diaz,* '[t]he high court distinguished the forensic analysts' reports, which were testimonial, from a clerk's certificate authenticating an official record for use as evidence. [Citation.] A clerk, the court explained, "could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not do what the analysts did [in *Melendez-Diaz*]: *create* a record for the sole purpose of providing evidence against a defendant." [Citation.]'" (*People v. Perez, supra,* 195 Cal.App.4th at p. 804.) Thus, the juvenile court did not err by rejecting minor's objection the admission of his school records violated the Sixth Amendment.

Minor's final claim is that his school records were inadmissible because the custodian's affidavit failed to satisfy the foundational requirement of describing their mode of preparation. In support of his argument, he cites Evidence Code section 1561. That section is part of "a streamlined method for the production of the records of a business in response to a subpoena duces tecum." (*Taggart v. Super Seer Corp.* (1995) 33 Cal.App.4th 1697, 1705; see Evid. Code, §§ 1560, 1561 & 1562.) Under this procedure, "[u]nless the subpoena provides otherwise [citations], the custodian or other qualified witness may send a copy of the records by mail in a sealed envelope [citation]. . . . [¶] Along with the records, the custodian must also send an affidavit" containing the requirements set forth in Evidence Code section 1561 (*Taggart v. Super Seer Corp., supra,* 33 Cal.App.4th at p. 1705), which includes the custodian's affidavit identifying the attached copies of the subpoenaed records and describing their "mode of preparation . . . ." (Evid. Code, § 1561, subd. (a)(4) & (5).) Under Evidence Code section 1562 "[t]he affidavit is admissible as evidence of the

7

matters stated therein . . . and the matters so stated are presumed true," and "[i]f the original records would be admissible in evidence if the custodian or other qualified witness had been present and testified to the matters stated in the affidavit, and if the requirements of Section 1271 have been met, the copy of the records is admissible in evidence."

But as the just quoted statute indicates Evidence Code section 1561 is not an independent basis for admitting the attached document or documents. For a business record to be admissible over a hearsay objection, the requirements of Evidence Code section 1271 must be satisfied. This statute also requires "[t]he custodian or other qualified witness" identify a writing sought to be admitted as a business record "and the mode of its preparation" to be admissible. (Evid. Code, § 1271, subd. (c); see *Bhatt v. State Dept. of Health Services* (2005) 133 Cal.App.4th 923, 929.)

"The object of [Evidence Code section 1271] is, of course, to eliminate the necessity of calling each witness. The foundation for admitting the record is properly laid if in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. . . ." (*People v. Williams* (1973) 36 Cal.App.3d 262, 275.) "A trial court has broad discretion in determining whether a sufficient foundation has been laid to qualify evidence as a business record. On appeal, we will reverse a trial court's ruling on such a foundational question only if the court clearly abused its discretion." (*People v. Hovarter* (2008) 44 Cal.4th 983, 1011.)

No abuse of discretion has been shown here. Attached to the school records was a declaration signed by John Ramirez, identified as the district's child welfare and attendance supervisor. Ramirez described himself as the district's "authorized custodian of records," a 22-year district employee, with 10 years of service on its student attendance review board. He identified the enclosed documents as including minor's photograph, a student data form from El Camino High School containing minor's class schedule, his attendance record, letters concerning absences,

8

attendance review board documents, and materials documenting attempts to address minor's lack of attendance.

The declaration states: "These records were prepared in the ordinary course of business at or near the time of the act, condition, or event. . . . I am familiar with the mode of preparation [of] these documents[,] . . . how these records are produced and printed and prepared[,] . . . [and] the way in which the information is entered into our district data base. The method of record keeping has been established to ensure the trustworthiness of the records. Only certain personnel at the school have access to the records contained in the documents. Our records are password protected and not available to all school personnel. . . ."

"Whether a particular business record is admissible as an exception to the hearsay rule . . . depends upon the 'trustworthiness' of such evidence, a determination that must be made, case by case, from the circumstances surrounding the making of the record. [Citations.]" (*People v. Aguilar* (1971) 16 Cal.App.3d 1001, 1005.) To establish minor's truancy, the prosecutor cited his El Camino High School attendance record. That consisted of a one-page document containing his name and other identifying information at the top, five columns listing the days of the week and each day's class periods along the top, and the dates school was in session appearing vertically on the left of each column. Letters appear in the columns for each class period on each date. A legend at the bottom of the page describes the meaning of each letter; whether minor was present, late, or absent, and if the latter, whether the absence was excused or unexcused. A summary of minor's attendance and absence for each class period also appears at the bottom of the page.

As for the attempts to correct minor's frequent absences, the prosecutor relied on the letters sent to minor's mother from the district attorney and school district informing her of the problem and scheduling meetings to address it. As to the district attorney's letter, the court stated it did not consider the truth of its contents, "but only the

9

fact that . . . there was notification . . . and there was [a] copy . . . the school district had received . . . ." While the court did not expressly limit its consideration of the school district's letter, presumably it treated that document in the same manner.

Ramirez did not describe in great detail the manner in which school district employees recorded minor's presence or absence, from his declaration. But we can infer from the contents of his declaration, noting the limitations on access to the district's password protected database, and the format in which minor's class attendance was maintained, that his presence or absence from class and the reason for each absence was recorded by authorized district employees on each of the dates and the class periods identified. (See *People v. Dorsey* (1974) 43 Cal.App.3d 953, 960-961 [prosecution for issuing insufficient checks; given "common knowledge" on how bank checking account "statements . . . are prepared," appellant not prejudiced by "absence of testimony as to the 'method' of preparation of [bank] records, i.e., whether by hand or by computer and from what sources"].) We conclude the trial court did not abuse its discretion in admitting these documents.

The judgment is affirmed.



RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


IKOLA, J.


10